RAMÓN AGUDO CANO ET UX., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, LUIS PEREYÓ, JUDGE, Respondent; ANA MARGARIDA WIDOW OF ITURREGUI ET AL., Interveners.

No. O-67-359.    Decided April 1, 1968.

*Nido & Berríos* and *José F. Menéndez* for petitioners. *Federico García Veve* and *Vicente Santori Coll* for interveners.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On February 12, 1962,[1] Juan R. Zalduondo Grier brought before the Humacao Part of the Superior Court, an action against Ramón Agudo Cano and his wife Raquel Baker and/or Hacienda San Miguel Corporation, to revendicate a rural property of 20 cuerdas of land located in Pitahaya Ward of Luquillo.

On September 20, 1962, the action was dismissed for laches but on November 8 of the same year the judgment of dismissal was set aside and the case was reinstated.

Although the defendants were not summoned, Hacienda San Miguel Corporation filed its answer to the complaint on December 30, 1966. On January 5, 1967, spouses Agudo-Baker filed a petition for notice for eviction. They alleged that although they had not been summoned they learned about the suit and that since they were the former owners of the property in litigation and had acquired it by purchase from Nicolás Iturregui and his wife, they moved that pursuant to § 1371 of the Civil Code (31 L.P.R.A. § 3839), the complaint be notified to the wife and heirs of Nicolás Iturregui. They alleged also in that petition that in order to hasten the proceedings they would file, as they did file immediately after the petition for notice for eviction, the answer to the complaint.

On January 9, 1967, the Superior Court entered an order directing the Clerk to issue summons addressed to the persons mentioned in the petition for notice for eviction.

The persons summoned for eviction appeared through their respective attorneys for the sole purposes of challenging the notice and summons served.

After hearing the parties, the Superior Court entered an order on May 31, 1967, setting aside its order for summons of January 9, 1967, and declaring void the summons

---

[1] Plaintiff brought this action on February 11, 1960, including as defendants spouses Agudo-Baker only. On February 12, 1960, he amended his complaint to include also Hacienda San Miguel Corporation as defendant.

issued, "because the notice for eviction served in this case is improper at law."

In support of this order the court set forth (1) that pursuant to the provisions of § 1371 of the Civil Code, in answering the complaint before the notice for eviction was ordered and before the summons were served, spouses Agudo-Baker waived expressly their right to serve notice of the complaint in an action of revendication upon the vendor because such notice should be served before answering the complaint, and (2) that codefendant Hacienda San Miguel Corporation was bound to call its vendor, spouses Agudo-Baker, as warrantors because when codefendant answered the complaint spouses Agudo-Baker were not yet a party summoned for the suit.

On September 8, 1967, the Superior Court denied a motion for reconsideration filed by spouses Agudo-Baker.

In order to review these orders we issued separate writs of certiorari at the request of Hacienda San Miguel Corporation and spouses Agudo-Baker respectively.

■■ The warranty against eviction is a natural element of the contract of sale. Manresa, X *Comentarios al Código Civil Español* 211-212, 1950 ed. Our Civil Code provides in its § 1350 (31 L.P.R.A. § 3801), that a vendor is bound to deliver and warrant the thing which is object of the sale and adds in its § 1364 (31 L.P.R.A. § 3832), that the vendor "shall be liable for the eviction even though no stipulation has been included in the contract on the subject." However, that same section provides that the contracting parties "may increase, decrease, or suppress this legal obligation of the vendor." So that the right to warranty in the case of eviction, may be waived by the vendee. But, for this waiver to be effective and to relieve the vendor from all liability, it should be conditioned to the fact (1) that in the waiver there was no bad faith on the part of the vendor, and (2) that the vendee has made the renunciation knowing the risk of evic-

tion and submitting to its consequences. Section 1365 (31 L.P.R.A. § 3833) states that "any stipulation exempting the vendor from obligation of answering for the eviction shall be void, provided there should be bad faith on his part," and § 1366 (31 L.P.R.A. § 3834) that when "a vendee should have renounced the right of warranty in the case of eviction and it occurs, the vendor must deliver only the price which the thing had at the time of the eviction, unless the vendee has made the renunciation knowing the risk of eviction and submitting to its consequences."

To this effect José Castán Tobeñas in his work IV *Derecho Civil Español, Común y Foral, Derechos de Obligaciones* 115, says the following:

"The Code, however, regards with distrust the clause by which the vendee waives the warranty by eviction, and restricts it in a double concept:

"1. Declaring void 'any stipulation exempting the vendor from the obligation of answering for an eviction, if there should have been bad faith on his part' (§ 1.476).

"It seems that the bad faith shall consist in the previous knowledge (surely, difficult to prove) that at the time of the sale the vendor may have had of the fact which gives rise to the eviction and of its possible effects.

"2. Establishing that the waiver of the warranty shall not exempt the vendor from all the obligations inherent therein unless the vendee made the waiver 'with knowledge of the danger of eviction and assumed the risk' (§ 1.477).

"Manresa believes that the presence of this circumstance shall depend only on whether the vendee makes the corresponding solemn stipulation in the contract. But *Scaevola,* with a more rational view, in our opinion, believes that if insofar as assuming the risk is concerned the will of the vendee is expressed in the contract, with regard to the knowledge of the risks, it shall then depend on the evidence introduced after the eviction is carried out for it is only then that it can be determined whether or not the cause thereof was known to the vendee when executing the contract."

To the same effect José Puig Brutau says:

"Even though the stipulation exempting the vendor from obligation in case of eviction is not void, the complete exemption is not obtained unless special guarantees concur. For this purpose it is necessary that the vendee's waiver be qualified by the fact of having perfect knowledge of the risks of the eviction, assuming without doubt, such risk. As stated in § 1.477 'if the vendee has waived his right to the vendor's warranty against eviction, and such eviction occurs, it shall be the duty of the vendor to pay only the value of the thing sold at the time of the eviction, unless the vendee made the waiver with knowledge of the danger of eviction and assumed the risk.' Therefore, the simple waiver on the part of the vendee is not sufficient to exempt the vendor from the obligation to deliver the price of the thing sold at the time of the eviction." (José Puig Brutau, II-II *Fundamentos de Derecho Civil* 194 *et seq.*)

We have seen then how, despite the fact that the vendee expressly waives in the contract of sale the right of warranty, when the eviction occurs, the Code limits the scope of such waiver and conditions it to the presence of the circumstances already set forth. In the instant case the vendees did not waive their right of warranty in the contract. However, the trial court, considering that the vendees did not follow strictly the procedural steps for the summons against eviction, concluded, from that fact, that the vendees had waived their right of warranty. In so doing it committed error.

These procedural steps are prescribed in § 1371 (31 L.P.R.A. § 3839) of our Civil Code. Said section provides:

"A defendant vendee shall request within the period fixed in the Law of Civil Procedure for answering the suit that notice thereof be given to the vendor or vendors within the shortest period possible.

"This notification shall be made in the manner established in said law for the summoning of defendants.

"The time to answer granted to the vendee shall be suspended until the expiration of that granted the vendor or vendors to appear and answer the complaint, and which periods shall be

the same as those granted all defendants by the aforesaid Law of Civil Procedure, counted from the notification prescribed in the first paragraph of this section.

"Should the persons summoned for eviction not appear in the proper time and manner, the period in which to answer the suit shall continue with regard to the vendee."

Said section presupposes that the defendant vendee has been summoned. Within the period fixed by law for answering the complaint, he shall request that the vendor or vendors be notified within the shortest period possible.

The reason and the juridical ground for the necessity to summon the vendor are quite obvious. José Castán Tobeñas says, in his work aforecited at page 116, commenting a similar provision of § 1481 of the Spanish Civil Code, equivalent to § 1371 of ours, the following:

"b) *Notice to vendor.*—This requirement, originating in the Roman Law (where it is called *litem denunciare, auctorem laudare*), is based on the consideration that the vendor is the one who logically may have the means of defense against the complaint in eviction, and if he is not given the opportunity to make his defense, it would be unjust to make him suffer the consequences of a judgment of conviction. Our Civil Code considers this requirement so essential, that it only binds the vendor to make good the warranty whenever 'it is proved that he was given notice at the instance of the vendee, of the suit for eviction. In the absence of such notice, the vendor shall not be bound to the warranty' (§ 1.481)."

Commenting the same section of the Spanish Civil Code, Federico Puig Peña in his work III-1 *Compendio de Derecho Civil* 591 says:

"If the intent of revendication of the third party has been executed—and the vendee has paid the price—then he must serve notice formally on the vendor (31) of the suit for eviction (§ 1481). This notice (*litis denuntiato*) is required since the Roman Law (*venditor ab emptore denunciatum, ut eum evictionis nomine defenderet*) (L. 49 Dig. de Jud. 51), and it constitutes

a special case of the 'call of third parties to the suit.' This notice has the following purposes:

a") To allow the vendor—since it is his obligation—to settle—if possible—definitively the question of the third-party claimants. They must know, in effect, about the existence of the complaint in revendication, for he can settle the conflict with the evictee. This need is so great that the Code establishes that 'in the absence of such notice, the vendor shall not be bound to the warranty' (§ 1.481, in fine).

b") To seek that the vendor bring to the suit the means of defense available to him, and that, there being the possibility of exercising them in the suit, it would be unjust to make him suffer afterwards the effects of a judgment of conviction, rendered with the silence of his possibly estimable means of defense. This, of course, does not preclude the vendee, in turn, from producing the elements of proof he may have (December 4, 1909), even against the vendor himself, if necessary, if the latter's attitude is prejudicial to him (April 29, 1904).

c") To preclude the vendor, in the vendee's action in warranty against him, from alleging the demurrer of negligence. Therefore, if the vendor fails to appear in the suit, no default can be entered against him nor can his property be attached because of his failure to appear (July 15, 1912), the doctrine believes that, in these cases, the vendee is not bound to follow the suit in all its instances, being able, therefore, to consent to the complaint, without fear of being charged with the negligence of his defense (32)."

It may happen, as it did in this case, that the vendee, even though he has not been summoned, appears voluntarily in the suit thereby submitting himself to the jurisdiction of the court. It is equivalent to personal service of the summons and delivery of copy of the complaint. *Franceschi* v. *Sepúlveda*, 27 P.R.R. 110 (1919); *Franco* v. *District Court*, 71 P.R.R. 642 (1950); *In re Mieres Calimano, Pros. Atty. and Pagán*, 76 P.R.R. 656 (1954). In its general rule on notice for eviction the Code does not consider this case. When the defendant vendee has been summoned, the law grants him a term to request the summons of the vendor.

It is the same term he has for answering the complaint. The law provides, further, that his term to answer shall be suspended until the expiration of that granted the vendor or vendors to appear and answer the complaint. Obviously the suspension of that term benefits the defendant vendee only. The law does not bar him from waiving it and with his waiver no prejudice is caused to the vendor or vendors called as warrantors. The latter, once summoned, has or have the period granted by the Rules of Civil Procedure to appear and establish the defenses of the title of ownership conveyed to the vendee irrespective of whether or not the latter has answered the complaint.

■ Service on the vendor of the notice of the complaint for eviction is the preparatory phase for the exercise by the vendee of the action in warranty in the case of eviction. The imperative thing is not, as alleged by the interveners, to strictly follow the sequence of the procedural steps indicated by the Civil Code in its § 1371 applying with extreme strictness the wording of said section. If in deviating from the strict procedure the vendor is granted the opportunity of appearing timely in the suit to establish, jointly with the vendee, or separately, the defense of the title of ownership, the cardinal principle that the vendor cannot be held liable in the action in warranty without having been heard is complied with.[2] The interveners have that opportunity in this case, once their summons is ordered and executed. The fact that defendant vendees have appeared voluntarily submitting themselves to the jurisdiction of the court and have also answered the complaint before the period which interveners had to appear in the action had elapsed, in no way impairs or prejudices their rights. The defendant vendees were not bound to wait until they were summoned, as the interveners insinuate, for the complaint for revendication

---

[2] See *Gaztambide v. Heirs of Ortiz*, 69 P.R.R. 292 (1948).

was subject to be recorded in the registry, something which may create inconveniences and prejudice to the holders of the title of the real property in litigation, although on the other hand, the *lis pendens* notice on the property of 20 cuerdas benefited the vendors called as warrantors inasmuch as it thereby prevented the appearance of a third party in the registry against whom no defense of the interveners could prevail against the plaintiff's claim in revendication.

We conclude, further, that spouses Agudo-Baker have standing to call interveners as warrantors. Aside from the fact that on February 12, 1960, date on which the amended complaint including Hacienda San Miguel Corporation as defendant was filed, the former had not sold to Hacienda San Miguel Corporation the remainder of the property which the interveners had acquired from the predecessor since the second sale was made on December 20, 1960, which shows that on that first date spouses Agudo-Baker were "the defendant vendee" contemplated in § 1371 of the Civil Code, it was unnecessary for Hacienda San Miguel Corporation to call said spouses as warrantors; the reason being that they already were defendants in the suit. Judgment of the Supreme Court of Spain of April 13, 1929. To the same effect J. Santamaría says in his work II *Comentarios al Código Civil* 521:

"The notice in warranty shall not be necessary when the vendor on whom it would be served is already a party to the suit, since the expression that the notice in warranty must be made 'at the instance of the vendee' cannot be taken in such a strict literal sense and the purpose of the notice in warranty shall be covered with the summons executed at the instance of the plaintiff."

We have seen that the service of summons is unnecessary when the defendant submits voluntarily to the jurisdiction of the court. We conclude, therefore, that the trial court erred

in deciding that spouses Agudo-Baker had not the standing to call the interveners as warrantors.

The orders entered by the trial court on May 31, 1967, and September 8, 1967, will be set aside and the case remanded for further proceedings.